JUAN MARÍA IRIZARRY, Plaintiff and Appellee, *v.* RAMÓN VILLANUEVA, Defendant and Appellant.

No. 9887. Argued June 2, 1949.—Decided June 13, 1949.

*Vicente Géigel Polanco, Attorney General* and *Carlos J. Faure, Assistant Attorney General,* for appellant. *E. Pérez Casalduc* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan María Irizarry filed in the District Court of Arecibo a petition for injunction, in which he alleged in substance:

That the Municipal Assembly of Arecibo decreed by ordinance that the patronal festival was to be held in said city from April 23 to May 2, 1948; that in agreement with the municipal authorities he has established in the public squares and streets of Arecibo several games of chance (*picas*), consisting in horse races operated by a crank; that the defendant, in his capacity as Chief of Police of that district, has threatened him with the seizing and confiscation of the above

games of chance (*picas*) if he continues to operate them, preventing him from operating a business in which he has invested considerable sums of money.

The defendant answered denying the essential averments of the petition and raising certain special defenses. The case went to trial and, after hearing evidence from both sides the lower court rendered judgment granting the permanent writ sought. Thereupon the defendant appealed. On appeal he solely alleges that the lower court erred in deciding that the games operated by the plaintiff were legal within the terms of Acts Nos. 25 of 1927 and 63 of 1938.

█ Section 1 of Act No. 25 of April 23, 1927 (Sess. Laws, p. 166) as amended by Act No. 63 of May 4, 1938 (Sess. Laws, p. 174) textually copied provides:

"The establishment of games of chance (*picas*) played by the drawing of balls and horse races operated by a crank are hereby prohibited *except on the occasion of fiestas of patron saints in the different towns and subject to regulation by the respective municipal assemblies, which are hereby empowered to make such regulations; Provided,* That the municipal assemblies shall adopt ordinances defining the *fiestas* of their patron saints and the dates on which they shall be held in each municipality; *Provided further,* That the authority of municipal assemblies shall be limited to the *fiestas* of the patron saints recognized by tradition; *Provided, also,* That the period of the *fiestas* shall not exceed ten (10) days in the course of any calendar year." (Italics ours.).

It may be seen that said Act conclusively prohibits the establishment of the so-called booths for games of chance (*picas*) by the drawing of balls and horse races operated by a crank. Likewise that the Act contains an exception by virtue of which the establishment of such games of chance and horse races is permitted during the patronal festival in the different towns, subject to regulation by the respective municipal assemblies. Furthermore, that said Act provides that municipal assemblies shall adopt ordinances defining the patronal festival and the dates on which it shall be held;

that the authority of municipal assemblies shall be limited to the patronal festival recognized by tradition and that such festival shall not exceed ten days in the course of any calendar ·year.

█ █ In the instant case the defendant admitted that the Municipal Assembly of Arecibo adopted an ordinance declaring that the patronal festival of San Felipe would be held there from April 23 until May 2, both days inclusive. Likewise that the plaintiff was empowered to establish games of chance and horse races operated by a crank in the public squares and streets of the city. What the defendant did not admit was that the plaintiff was operating said games of chance and horse races in accordance with the law.

It is unquestionable that the Legislature has full power to prohibit games of chance. It is likewise unquestionable that said Legislature is empowered to authorize certain games of chance and to permit that the same be established or operated after the compliance with certain requirements. It is also unquestionable that the Legislature, in expressly prohibiting the establishment of some games of chance, may make exceptions and authorize that the same be established and operated, provided certain requisites are complied with. This is the situation in the case at bar.· Act No. 63 of 1938 prohibits ·the establishment and operation of the games of chance and horse races mentioned therein, but makes an exception and permits that they be established during the period of the patronal festival and subject to regulation by the municipal assemblies. Exceptions of this kind should be strictly construed and must be fully complied with in order that they may be resorted to. To enjoy the exception established by Act No. 63 of 1938 it is not only necessary that the municipal assembly of the corresponding municipality approve an ordinance fixing the day in which according to tradition the patronal festival should be held within the territorial limits of the municipality, but also that said assembly approve regulations to that effect. In authorizing

the exception, the Act uses the copulative conjunction "and" whose purpose is, as known, to join words and clauses in affirmative concepts. Therefore, the absence of any of those express requirements precludes the taking advantage of the exception established by the Act. In the instant case all the requirements provided by Act No. 63 were complied with in order to be able to resort to the exception, except that no regulation was approved in connection with the establishment of the games of chance and horse races. Since the evidence did not show that such regulations were approved by the Municipal Assembly of Arecibo, the plaintiff was not entitled to establish the games of chance and horse races, and therefore to restrain the Chief of Police of that District, by an injunction, from prohibiting the operation thereof.

■■ The Legislature of Puerto Rico may clearly delegate to the municipal assemblies the power to approve regulations to implement the statutes approved by it. *People v. Arce*, 67 P.R.R. 233, 235. The lack of such regulation, however, does not mean that the Act authorizing it is not in full force and effect. And when in a case like the instant one the power to issue regulations is granted as part of an exception to the prohibition contained in the Act, then said Act is fully effective but not so the exception, since the requirements which give the right to the use of said exception have not been complied with.

In the absence of evidence showing that the Municipal Assembly of Arecibo has regulated the establishment of games of chance and horse races mentioned in Act No. 63, *supra*, the conclusion must be reached that the terms of the Act have not been fully complied with. Therefore, the defendant acted correctly in prohibiting the plaintiff to operate the games of chance and horse races established by him in the squares and streets of the Municipality of Arecibo.

The judgment appealed from should be reversed and the petition denied with costs on the plaintiff.